IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS GRIEGO,

    Petitioner,

    v.                                               1:23-cv-00190-WJ-JMR

UNITED STATES OF AMERICA,

    Respondent.

**ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    The Magistrate Judge filed her Proposed Findings and Recommended Disposition ("PFRD") on June 17, 2025. Doc. 28. The PFRD notified the parties of their ability to file objections, and that failure to do so waived appellate review. *Id*. at 25. On July 15, 2025, Petitioner filed objections to the Magistrate Judge's PFRD. Doc. 31. The United States did not file a response to the objections.

    Pursuant to Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record and all parts of the Magistrate Judge's PFRD that have been properly objected to. After conducting this de novo review and, having thoroughly considered the Magistrate Judge's PFRD and the objections, the Court finds no reason either in law or fact to depart from the Magistrate Judge's recommended disposition.

    Petitioner's first objection is to the Magistrate Judge's finding and conclusion that his two prior residential burglaries constitute two separate occasions for purposes of the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e) enhancement. Petitioner contends that the finding and conclusion was based exclusively on one factor (distance) contrary to the standards set out in the recent U.S. Supreme Court decision in *Wooden v. United States*. 595 U.S. 360 (2022). Based on a de

1

novo review, the Court finds no legal or factual error in the PFRD. The charging documents and plea agreements (Docs. 7-2, 7-3, 7-6, 7-7, 7-8) demonstrate that the two residential burglaries did occur 24.5 miles apart. However, the analysis does not stop there. The two burglaries occurred in two separate municipalities—one in the City of Albuquerque and one in the Village of Tijeras. Further, the two burglaries occurred 30 minutes apart, during which time Petitioner could have chosen to end his criminal activity. *United States v. Rideout*, 3 F.3d 32, 35 (2d. Cir. 1993). Last, although both premises that were burglarized were residential and the burglaries occurred on the same day, the two share no other connection and do not appear to be intertwined in any way. *Wooden*, 595 U.S. at 369. Consistent with the *Wooden* analysis, the record supports the Magistrate Judge's finding that the two prior residential burglaries constituted separate occasions for purposes of the ACCA enhancement. Petitioner's first objection is overruled.

Petitioner's second objection is to the Magistrate Judge's recommendation that a Certificate of Appealability be denied. Petitioner's objection rests on retroactive application of the U.S. Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024) to Section 2255 cases on collateral review. However. the Magistrate Judge correctly concluded that *Erlinger* did not announce a new substantive or watershed procedural rule and is not retroactively applicable. *Erlinger* held that a defendant is "entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt." *Id.* at 835. Generally, a Supreme Court decision is retroactively applicable if it announces a (1) "[n]ew substantive rule[]" or (2) "new watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding." *Welch v. United States*, 578 U.S. 120, 128 (2016). The rule announced in *Erlinger,* is a procedural, not a substantive, rule in that it regulates only the manner of determining the defendant's culpability. *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). Further, Petitioner does not argue nor does the Court find that the rule is a watershed procedural rule. *Welch*, 578 U.S. 128. The Court determines

under Rule 11(a) of the Rules Governing Section 2255 Cases, that Petitioner has failed to make a substantial showing that he has been denied a constitutional right. Therefore, Petitioner's second objection is overruled and a Certificate of Appealability will be denied.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. Petitioner's objections are OVERRULED;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 28) is ADOPTED;

3. Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 1) is DENIED, and the case is dismissed with prejudice.

4. Petitioner is not entitled to a Certificate of Appealability.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE